112 F.3d 516
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James V. LOCKARD, Plaintiff-Appellant,
v.
Alma LOCKARD, Defendant-Appellee.
 No. 95-35239, 95-36061.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 21, 1997.*
Decided April 23, 1997.
 
 Before: BROWNING, THOMPSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James V. Lockard appeals pro se the district court's grant of summary judgment and award of attorney's fees in favor of defendant in his diversity action alleging breach of contract, conversion, and intentional interference with and damage to chattel. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a grant of summary judgment, see Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994), and for abuse of discretion an award of attorney's fees, see Nelson v. Pima Community College, 83 F.3d 1075, 1080 (9th Cir.1996), and we affirm.
 
 
 3
 In his complaint, Lockard alleged that defendant had retained and destroyed property which had been awarded to Lockard in the settlement agreement entered after the Lockards' divorce.
 
 
 4
 Lockard contends that the district court erred by granting summary judgment where Lockard was not given an opportunity to respond to defendant's motion for summary judgment. This contention lacks merit.
 
 
 5
 A district court may sua sponte enter a summary judgment if the parties are given notice of the district court's intention to do so and are given an opportunity to develop a factual record. See O'Keefe v. Van Boening, 82 F.3d 322, 324 (9th Cir.1996); Fuller v. City of Oakland, 47 F.3d 1522, 1533 (9th Cir.1995). On March 29, 1993, Lockard filed a motion to postpone decision in the case for ninety days because he was being held in the local county jail. On March 30, 1993, defendant filed a motion for summary judgment. On July 7, 1993, more than ninety days later, the district court entered an order for Lockard to show cause, within thirty days, why summary judgment should not be granted. On December 1, 1993, almost five months later, the district court entered findings and a recommendation that defendant's motion for summary judgment be granted. Given subsequent events in related cases, the district court reopened the judgment and again granted defendant's motion for summary judgment on February 13, 1995.
 
 
 6
 Accordingly, upon our review of the record, we conclude that Lockard had sufficient notice and opportunity to respond to defendant's motion for summary judgment and that the district court did not err by entering judgment for defendants. See O'Keefe, 82 F.3d at 324; Fuller, 47 F.3d at 1533.
 
 
 7
 Moreover, given that Lockard's challenge to defendant's motion for summary judgment is based on his argument that the settlement agreement in an underlying state-court divorce action was invalid,[1] we conclude that the district court did not err by granting summary judgment for defendants. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983) (stating that federal district courts lack jurisdiction to review state judicial proceedings); Worldwide Church of God v. McNair, 805 F.2d 888, 890-91 (9th Cir.1986) (same).[2]
 
 
 8
 Lockard also contends that the district court erred by awarding attorney's fees to defendant because the settlement agreement does not provide for such an award. This contention lacks merit.
 
 
 9
 The settlement agreement specifically states that "[i]f either party successfully asserts this Settlement Agreement as a defense to any future litigation between the parties, that party shall be entitled to recover from the other party, their reasonable attorney fees incurred at the trial court level...."
 
 
 10
 Accordingly, we conclude that the district court did not abuse its discretion by awarding defendant attorney's fees. See Nelson, 83 F.3d at 1080.
 
 
 11
 We have considered Lockard's remaining contentions on appeal and reject them as wholly without merit.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Lockard's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 This settlement agreement states that Lockard agrees "not to file any further lawsuits against" defendant
 
 
 [2]
 The Oregon Court of Appeals affirmed without an opinion the entry of the settlement agreement, see In re Marriage of Lockard, 821 P.2d 1134 (Or.Ct.App.1991), and the Oregon Supreme Court declined review, see Lockard v. Lockard, 830 P.2d 596 (Or.1992)